**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRIC OF NEW YORK**

KEVIN ROSS, individually and on behalf of
all others similarly situated,

        Plaintiff,

      v.

UNITED PARCEL SERVICE INC.

        Defendant.

Case No.

**CLASS ACTION COMPLAINT**

Plaintiff Kevin Ross ("Plaintiff") brings this Class Action Complaint against United Parcel

Service Incorporated ("UPS" or "Defendant") as an individual and on behalf of all others similarly

situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels'

investigation, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.      This is a civil action brought by a United States citizen and customer of UPS against

Defendant UPS.

2.      On February 20, 2026, the Supreme Court of the United States ruled that certain

tariffs imposed under the International Emergency Economic Powers Act were illegal.[1]

3.      Before that ruling, UPS imposed tariff-related charges and increased shipping costs

on customers, including Plaintiff, based on those now-invalid tariffs.

4.      Plaintiff paid these increased charges as part of shipping costs for goods transported

by UPS.

---

[1] https://www.cnbc.com/2026/02/20/supreme-court-trump-tariff-decision-illegal-refunds.html (last accessed Feb. 20, 2026).

5.     Because the underlying tariffs have been declared illegal, Plaintiff seeks recovery of amounts collected by UPS that were based on or attributed to those unlawful tariffs.

6.     Plaintiff brings this action on behalf of herself and those similarly situated to recover money wrongfully collected from her and the Class by Defendant under the illegal tariffs and to obtain appropriate relief permitted by law.

## JURISDICTION & VENUE

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C.§1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class, including Plaintiff, is a citizen of a state different from Defendant.

8.     This Court has personal jurisdiction over Defendant UPS because its principal place of business is in this District. Defendant has also purposefully availed itself of the laws, rights, and benefits of New York.

9.     Venue is proper under 28 U.S.C §1391(b) because Defendant UPS maintains a principal place of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## PARTIES

10.     Plaintiff is a citizen of the State of New York. At all relevant times, Plaintiff has been a resident of New York.

11.     Defendant, UPS, maintains a principal place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. UPS's registered agent is CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA.

## FACTUAL ALLEGATIONS

12. On February 20, 2026, the Supreme Court of the United States ruled that tariffs imposed by President Donald Trump under the International Emergency Economic Powers Act ("IEEPA") were illegal.[2]

13. Prior to that ruling, tariffs imposed under the IEEPA were collected on imported goods entering the United States. U.S. importers paid those tariffs to U.S. Customs, and the costs were incorporated into the pricing and shipping charges associated with imported goods.

14. In January alone, tariff collections reached $30 billion, contributing to a year-to-date total of $124 billion which amounts to an increase of 304% over the same period in 2025. Record levels of tariff revenue were collected by the federal government during the period in which the unlawful tariffs were in effect.

15. The Supreme Court's decision invalidated the tariffs, but provided no guidance regarding whether, when, or how the government should return the billions of dollars collected from importers.

16. Although the Supreme Court ruled that the tariffs were illegal, no automatic refund has been issued. Importers, and those who bore the economic burden of the tariffs, remain without reimbursement for amounts paid under a tariff regime that has been declared unlawful.

17. Plaintiff paid money under the illegal tariffs to Defendant. Plaintiff brings this action on behalf of herself and those similarly situated to recover money wrongfully collected and to obtain appropriate relief permitted by law.

---

[2] *Id.*

## CLASS ALLEGATIONS

18.    Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

19.    The Class that Plaintiff seeks to represent is defined as follows:

### Nationwide Class

All individuals residing in the United States who paid unlawful tariffs to UPS under the International Emergency Economic Powers Act (the "Class").

### New York Subclass

All individuals residing in South Carolina who paid unlawful tariffs to UPS under the International Emergency Economic Powers Act (the "Subclass").

20.    Collectively, the Class and Subclass are referred to as the "Classes" or "Class Members."

21.    Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

22.    Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

23.    Numerosity: The members of the Classes are so numerous that joinder of all members is impracticable, if not completely impossible. The members of the Classes are so numerous that joinder of all of them is impracticable.

24.    Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting solely individual members of the Classes. The questions of law and fact common to the Classes that predominate over questions which may affect individual Class Members, includes the following:

A.  Whether the tariff-related charges imposed and collected in connection with shipments were based on tariffs that the Supreme Court has declared illegal;

B.  Whether Defendant increased shipping rates, surcharges, or related fees to account for the unlawful tariffs;

C.  Whether Defendant retained any portion of tariff-related charges collected from customers after the underlying tariffs were invalidated;

D.  Whether customers, including Plaintiff, are entitled to reimbursement of amounts paid that were attributable to the illegal tariffs and

E.  Whether Defendant was unjustly enriched by collecting and retaining charges derived from tariffs that were subsequently declared unlawful.

25.    Typicality: Plaintiff's claims are typical of those of the other members of the Classes because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as each other member of the Classes.

26.    Policies Generally Applicable to the Class: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenges of these policies hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

27.    Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic

5

to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class actions and Plaintiff intends to prosecute this action vigorously.

28.     Superiority and Manageability: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

29.     The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each Class Member to recover on the cause of action

alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

30. The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

31. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

32. Further, Defendant has acted on grounds that apply generally to the Classes as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class- wide basis.

33. Likewise, particular issues under Federal Rule of Civil Procedure Rule 42(d)(1) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

## CAUSES OF ACTION
### (*On behalf of Plaintiff and the Classes*)

### Count I: Breach of Contract

34. Plaintiff and members of the Class entered into contracts with Defendant for shipping, brokerage, customs clearance, and related services (the "Shipping Contracts").

35. The Shipping Contracts include Defendant's Terms and Conditions, Service Guides, brokerage agreements, and related shipping documentation, which govern the parties' rights and obligations.

36. Under the Shipping Contracts, Defendant agreed to provide shipping and customs clearance services in exchange for specified fees and charges.

37.     The Shipping Contracts authorize Defendant to collect and pass through only lawful duties, taxes, or governmental charges actually owed in connection with importation.

38.     The Shipping Contracts do not authorize Defendant to charge, collect, or retain unlawful, invalid, or unauthorized duties, tariffs, or related surcharges.

39.     Defendant charged Plaintiff and Class members additional fees, surcharges, duties, and tariff-related amounts purportedly imposed pursuant to tariffs declared under the IEEPA.

40.     The Supreme Court of the United States has now held that IEEPA does not authorize the President to impose tariffs, and that such tariffs were unlawful and imposed without statutory authority.

41.     As a result, the tariff-related charges Defendant imposed and collected were unlawful and not authorized governmental duties.

42.     By charging and collecting unlawful tariff-related fees, Defendant breached the express terms of the Shipping Contracts.

43.     Defendant further breached the Shipping Contracts by failing to refund unlawful charges collected from Plaintiff and Class members.

44.     Defendant's conduct also breached the implied covenant of good faith and fair dealing inherent in every contract.

45.     Defendant exercised their contractual discretion in bad faith by charging and retaining fees that were not legally owed and that Defendant was not authorized to impose.

46.     Defendant's conduct deprived Plaintiff and Class members of the benefit of their bargain, which was to pay only lawful and authorized shipping-related charges.

47.     As a direct and proximate result of Defendant's breaches, Plaintiff and Class members suffered damages, including but not limited to:

a. Payment of unlawful tariff-related charges;

b. Payment of unlawful brokerage and related fees;

c. Overpayment for shipping services and

d. Loss of use of money.

48.    Plaintiff and Class members are entitled to recover damages, restitution, and all other relief permitted by law.

## Count II: Unjust Enrichment

49.    Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying tariff-related charges, fees, and surcharges imposed by Defendant.

50.    Defendant knowingly received and accepted these benefits.

51.    The tariff-related charges Defendant imposed and collected were unlawful and unauthorized.

52.    Defendant collected and retained funds to which they were not legally entitled.

53.    Defendant also collected brokerage fees, administrative fees, and related charges based upon unlawful tariffs.

54.    Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

55.    It would be inequitable and unjust for Defendant to retain these funds.

56.    Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

57.    Defendant was unjustly enriched at the expense of Plaintiff and Class members.

58.    Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully requests that the Court enter judgment as follows:

A.   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Classes and counsel for Plaintiff as Class Counsel;

B.   For an order declaring the Defendant's conduct violates the statues and causes of action referenced herein;

C.   For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D.   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.   For prejudgment interest on all amounts awarded;

F.   For an order of restitution and all other forms of equitable monetary relief requiring the disgorgement of the revenues wrongfully retained as a result of the Defendant's conduct;

G.   For injunctive relief as pleaded or as the Court may deem proper; and

H.   For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit, and any other expense, including expert witness fees and

I.   Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

DATE: June 2, 2026

Respectfully submitted,

*/s/ Carlos F. Ramirez*
Carlos F. Ramirez
*cramirez@reesellp.com*
Michael R. Reese
*cramirez@reesellp.com*
**REESE LLP**
100 W. 93rd Street
16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Paul Doolittle
*paul.doolittle@poulinwilley.com*
Andre Belanger
*andre.belanger@poulinwilley.com*
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

*Attorneys for Plaintiff and Proposed Classes*

11